# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-155V
Filed: January 8, 2014

```
*****************************************
NICOLE MATTEN,                        *       UNPUBLISHED
Individually and as Guardian          *       Special Master Dorsey
of the late KM,                       *
                                      *
              Petitioner,             *
                                      *       Interim Attorneys' Fees and Costs;
v.                                    *       Reasonable Amount Requested to
                                      *       which Respondent Does not Object.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
*****************************************
```

Patricia Finn, Patricia Finn Attorney, P.C., Piermont, NY, for petitioner.
Ann D. Martin, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 6, 2012, Nicole Matten (petitioner) filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2006),[2] on behalf of her minor daughter, KM. Petitioner alleges that beginning on December 4, 2011, KM began suffering from fever and lethargy, and that several days later, KM stopped breathing and subsequently died. Petitioner contends that KM's symptoms and death resulted from her receipt of the influenza vaccination on December 2, 2011.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On January 2, 2014, the parties filed a stipulation of facts stating that they had agreed on what constituted a reasonable amount of attorneys' fees and costs to have been incurred by petitioner's counsel to date. Respondent maintains her objection to any award of interim attorneys' fees and costs. Nevertheless, the parties agree to the reasonableness of the revised total of interim attorneys' fees and costs as set forth in paragraphs 5 and 6 of the joint stipulation, which is attached hereto as Appendix A.

The undersigned finds that petitioner is entitled to an award of interim attorney's fees and costs under the unique facts and circumstances of this case. See Butler v. Sec'y, HHS, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y, HHS, 609 F.3d 1372, 1375 (Fed. Cr. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"). The undersigned finds that paragraphs 5 and 6 of the stipulation are reasonable and adopts them as the decision of the Court in awarding interim fees and costs, on the terms set forth therein.

**Accordingly, the undersigned hereby awards the total of $14,856.57, issued in the form of a check payable jointly to petitioner and petitioner's attorney, Patricia Finn, at Patricia Finn Attorney, P.C., for interim attorneys' fees and costs.**

With respect to petitioner's motion for pre-approval of Dr. Chang's hourly rate, the undersigned reserves judgment and will issue a separate decision.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| NICOLE MATTEN, Individually and as Guardian of the late KM,<br><br>   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>   Respondent. | No. 12-155V<br>Special Master Dorsey<br>ECF |

## STIPULATION OF FACTS CONCERNING THE AMOUNT OF ATTORNEYS' FEES AND COSTS REASONABLY INCURRED IN PROCEEDINGS IN THIS CASE TO DATE

It is hereby stipulated by and between the parties, the following factual matters:

 1. Patricia Finn, Esq., is the attorney of record for petitioner.

 2. On September 23, 2013, petitioner filed Petitioner's Motion for Pre-Approval of the Terms of Employment of Dr. Anthony Chang and Pre-Payment of Retainer for Expert Report. Petitioner hereby withdraws her request for pre-payment of Dr. Chang's $2,500.00 retainer fee to be re-submitted at the end of the case as part of petitioner's final attorneys' fees and costs application. Petitioner's request for pre-approval of Dr. Chang's hourly rate remains pending before the Special Master.

 3. On December 9, 2013, petitioner filed a "Reply in Support of Motion for Pre-Approval of the Terms of Employment of Dr. Anthony Chang and Pre-Payment of Retainer For Expert Report," which included a request for $29,018.57 in interim attorneys' fees and costs that had not been raised in the initial motion. This sum included the following items: (a) legal fees for the work of petitioner's attorney of record and the attorney's staff performed from January 28, 2012, through November 21, 2013; (b) payment for the petition's filing fee; (c) payment for the cost of obtaining autopsy slides and other autopsy material; (d) payment for the services of Dr. Pavelsky to date. For reasons set forth in Respondent's Response to Petitioner's Motion for an Award of Interim Fees and Costs filed on September 10, 2012, respondent objects to any award for interim fees and costs issuing at this time. For reasons set forth in petitioner's filings of September 23 and December 9, 2013, petitioner maintains that the issuance of an award for interim attorneys' fees and costs is legal and appropriate at this time.

4. The parties maintain their respective positions regarding the appropriateness of an interim award of attorneys' fees and costs issuing in this case at this time. This remains an issue that must be resolved by decision of the special master.

5. Nevertheless, during informal communications, respondent's counsel and petitioner's counsel discussed respondent's objections regarding the amount of fees and costs incurred to date. Based on these discussions, petitioner's counsel has amended the request for interim fees and costs as follows:

(a) The total amount of reimbursement for legal fees incurred by petitioner's attorney of record and her staff for the period of time from January 28, 2012, to November 21, 2013, is reduced to $14,000.00. The parties agree that petitioner will not seek any additional legal fees for this time period as part of the final application for attorneys' fees and costs at the end of the case.

(b) Petitioner's request for compensation for work performed by Dr. Pavelsky is withdrawn. The parties agree that petitioner has the right to re-submit Dr. Pavelsky's bill to be litigated, if necessary, as part of the final application for attorneys' fees and costs at the end of the case.

(c) Petitioner seeks reimbursement for $350.00 to cover the filing fee of the petition.

(d) Petitioner seeks reimbursement for $506.57 to cover the cost of obtaining autopsy slides and other autopsy material.

(e) The revised total of interim attorneys' fees and costs requested by petitioner is $14,856.57.

6. Respondent stipulates that the revised amount of $14,856.57 is a reasonable amount of attorneys' fees and costs to have been incurred for the prosecution of this case to date.

7. Nothing in this Stipulation, including the amount set forth in paragraphs 5(e) and 6, should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's interim application for attorneys' fees and costs, including the appropriateness of an interim award of attorneys' fees and costs at this time, the hourly rates requested, and other litigation-related costs. The parties simply agree (without waiving any objections) that the total amount of compensation set forth in paragraphs 5(e) and 6 represents a reasonable amount of attorneys' fees and costs to have been incurred for proceedings in this case to date.

END OF STIPULATION OF FACTS

/
/
/
/
/

Respectfully submitted,

| | |
|---|---|
| ATTORNEY OF RECORD<br>FOR PETITIONER: | ATTORNEY OF RECORD<br>FOR RESONDENT: |
| s/ Patricia Finn<br>PATRICIA FINN<br>Patricia Finn Attorney, P.C.<br>450 Piermont Ave.<br>Piermont, NY 10968<br>Tel: (845) 398-0521 | s/ Ann D. MARTIN<br>ANN D. MARTIN<br>Senior Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 146, Ben Franklin Station<br>Washington, DC 20044<br>Tel. (202) 307-1815 |

Dated:   January 2, 2014