# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 12-155V

Filed: May 30, 2023

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| NICOLE MATTEN, *as parent and legal* | \* |
| *Representative of the Estate of her* | \* |
| *daughter,* K.M., | \* |
| | \* |
| | \* Attorneys' Fees and Costs |
| Petitioner, | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

*Patricia Finn, Esq.*, Patricia Finn, P.C., Nanuet, NY, for petitioner.
*Jamica Littles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 6, 2012, Nicole Matten ("petitioner"), as parent and legal representative of the estate of her daughter, K.M., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that K.M. developed myocarditis following the receipt of an influenza ("flu") vaccine she received on December 2, 2011 and passed away due to complications from her myocarditis on December 6, 2011. *See* Petition, ECF No. 1. An entitlement hearing was held on April 30-May 1, 2018 and on October 22-23, 2018 in Washington, D.C., and a ruling on entitlement was issued on November 2, 2021 finding petitioner entitled to compensation. Ruling on Entitlement, ECF No. 184. Respondent filed a proffer on January 28,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2022, which the undersigned adopted as her decision awarding compensation on January 31, 2022. ECF Nos. 189, 190.

Petitioner filed a Motion for final attorneys' fees and costs on July 19, 2022. ECF No. 196 ("Fees Motion").[3] Petitioner requests a total of **$229,034.26**, representing $151,311.26 in attorneys' fees and $77,722.00 in costs. Fees Motion at 1. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Pet. Ex. 54, ECF No. 196-6. Respondent responded to the Motion on July 27, 2022, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 198. Petitioner did not file a reply thereafter.[4]

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] Petitioner's Motion for Attorneys' Fees and Costs was designated by petitioner as Pet. Ex. 49.

[4] Petitioner's documentation of her costs, specifically the invoices associated with her experts, were not sufficient to justify payment of the costs requested. Petitioner was accordingly requested to and recently provided the best invoices that she could secure from her respective experts. Additionally, counsel failed to provide the necessary calculations for her billing rate and hours for each year she sought to be paid, thus requiring the Court to expend significant time performing these calculations.

## II. Discussion

### A.     Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Petitioner requests the following hourly rates for the work of her counsel, Ms. Patricia Finn[6]:

| 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|------|------|------|------|------|------|------|------|------|------|
| $420 | $420 | $375 | $375 | $383 | $396 | $405 | $422 | $444 | $458 |

Fees Motion at 9.[7] However, these rates are not aligned with what Ms. Finn has previously been awarded for her Vaccine Program work. *See Bohn on behalf of G.B. v. Sec'y of Health & Human Servs.*, No. 16-265V, 2023 WL 2364831 (Fed. Cl. Spec. Mstr. Mar. 6, 2023) (awarding Ms. Finn $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, $378 in 2020, $400 in 2021, and $422 in 2022); *Yates v. Sec'y of Health & Human Servs.*, No. 14-560V, 2022 WL 2441324 (Fed. Cl. Spec. Mstr. June 9, 2022) (awarding Ms. Finn $310 in 2014, $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, and $378 in 2020); *Rowan v. Sec'y of Health & Human Servs.*, No. 10-272V, 2014 WL 3375588 (Fed. Cl. Spec. Mstr. June 19, 2014) (awarding

---

[5] The Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[6] Petitioner filed for interim attorneys' fees and costs in 2014, and the prior Special Master issued a decision awarding attorneys' fees and costs based on the parties' stipulation. ECF No. 56. However, the stipulation did not specify counsel's requested hourly rates, nor did the decision assess the reasonableness of counsel's requested hourly rates. Accordingly, the reasonableness of counsel's rates requested in the instant Motion is assessed based on what counsel has been paid in recent cases and since *McCulloch*.

[7] Ms. Finn did not include a requested rate for 2013 in her Motion, but the billing records indicate she billed at a rate of $420 per hour in 2013. *See* Exhibit 50 at 2.

Ms. Finn $310 per hour for 2012-2014). Accordingly, Ms. Finn's rates are reduced to the following consistent with her previously awarded rates:[8]

| 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|------|------|------|------|------|------|------|------|------|------|
| $310 | $310 | $316 | $328 | $340 | $352 | $365 | $378 | $400 | $422 |

The application of the rates above results in a reduction of **$21,145.09**.[9]

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of **$130,166.17**.

---

[8] Counsel did not provide a computation of the total hours billed per year, making review of this Motion onerous by requiring the Court to expend significant time calculating information that should have been provided by counsel.

[9] This amount is calculated as follows: (($420 - $310) x 3.2 hrs = $352.00) + (($420 - $310) x  47.55 hrs = $5,230.50) + (($375 - $316) x 50.75 hrs = $2,994.25) + (($375 - $328) x 14.85 hrs = $697.95) + (($383 - $340) x 86.65 hrs = $3,725.95) + (($396 - $352) x 121.9 hrs = $5,363.60) + (($405 - $365) x 31.18 hrs = $1,247.20) + (($422 - $378) x 3 hrs = $132.00) + (($444 - $400) x 12.35 hrs = $543.40) + (($458 - $422) x 23.84 hrs = $858.24) = $21,145.09.

### C.   Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health and Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $77,722.00 in costs, representing expert fees and costs associated with the entitlement hearing. Fees Motion at 1.

#### 1.   Expert Fees for Dr. Laurel Waters

Petitioner requests $53,675.00 to compensate Dr. Laurel Waters. Fees Motion at 11. Dr. Waters generally billed at an hourly rate of $500.00 but billed at an hourly rate of $750.00 for the 10 hours spent at the entitlement hearing and the 6 hours spent at the supplemental entitlement hearing. Pet. Ex. 52 at 15-16. Based on previous cases, Dr. Waters's $500.00 hourly rate appears reasonable. *See Yates v. Sec'y of Health & Human Servs.*, No. 14-560V, 2022 WL 2441324 (Fed. Cl. Spec. Mstr. June 9, 2022*).* However, deductions must be made to her hearing rate.

Dr. Waters requested a rate of $750.00 per hour for a total of 16 hours at hearings. Dr. Waters does not offer any justification for this higher hourly rate, and in the Vaccine Program, an expert is typically awarded one hourly rate for all work done in a case. *See Forrest v. Sec'y of Health & Human Servs.*, No. 10-32V, 2018 WL 3029330, at *4 (Fed. Cl. Spec. Mstr. May 22, 2018). Therefore, Dr. Waters is awarded the rate of $500.00 per hour for her participation in the hearings. This results in a deduction of **$4,000.00**. Thus, Dr. Waters's awarded expert fees and costs total **$49,675.00**.

#### 2.   Expert Fees for Dr. Lawrence Palevsky

Petitioner requests $8,400.00 to compensate Dr. Lawrence Palevsky for 24 hours of work at an hourly rate of $350.00. Pet. Ex. 52 at 2; Pet. Ex. 56. While Dr. Palevsky's hourly rate is reasonable, his billing practices warrant reduction.

A review of Dr. Palevsky's invoice showed that he block billed his time, providing a list of the tasks he completed for a total of 24 hours without specifying the time spent on each individual task. *See* Pet. Ex. 52 at 2. Petitioner's counsel was directed to file a more detailed invoice for Dr. Palevsky. Though it was more detailed than the original invoice, Dr. Palevsky also block billed in the amended invoice. *See* Pet. Ex. 55. Pursuant to the Guidelines for Practice Under the National Vaccine Injury Compensation Program, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." *Guidelines* at § X.2.D. Dr. Palevsky's amended invoice does not include the dates associated with the tasks performed, and each entry vaguely lists several tasks without specificity as to the time spent on each individual task. Accordingly, Dr. Palevsky's requested fee will be reduced by 5%.

With this reduction, Dr. Palevsky is awarded **$7,980.00**.

### 3. Expert Fees for Dr. Anthony Chang

Petitioner requests $10,370.00 to compensate Dr. Anthony Chang at an hourly rate of $300.00 with a flat rate of $5,000.00 for testimony at hearing. Pet. Ex. 52 at 5-9. Petitioner provided adequate documentation of Dr. Chang's requested rates for reviewing medical records and preparation of his report. However, his hearing rate warrants a reduction.

Experts in the Program should be compensated for their actual time spent at a specific hourly rate, and a flat rate fee for a day of hearing testimony is not typically awarded without justification. *See Spayde v. Sec'y of Health & Human. Servs.*, No. 16-1499V, 2022 WL 4457900 (Fed. Cl. Spec. Mstr. Aug. 30, 2022). Dr. Chang's invoice reflects billing for one day of hearing on April 30, 2018. Pet. Ex. 52 at 9. A review of the transcript on that date show that Dr. Chang joined the hearing virtually at approximately 3:00 pm. The hearing adjourned for the day at 4:08 pm. Transcript of Proceedings, dated April 30, 2018 at 124, 165; ECF No. 142. Dr. Chang did not appear at any of the remaining three days of hearing in this matter. Accordingly, Dr. Chang will be compensated at his hourly rate of $300 for his hour of testimony at hearing, for a total of $300.

With this reduction, Dr. Chang is awarded **$5,670.00**.[10]

### 4. Total Reasonable Costs

I have reviewed all the other requested costs and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded **$68,602.00** in costs.[11]

## III. Total Award Summary

Based on the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED, in part.** The undersigned hereby awards **a lump sum of $198,768.17,** representing $130,166.17 in attorneys' fees and $68,602.00 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Patricia Finn. Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[10] $10,370.00 (Dr. Chang's total request) - $5,000.00 (Dr. Chang's flat rate for testimony) + $300.00 (Dr. Chang's reduced rate for testimony) = $5,670.00.

[11] Petitioner's total request for costs ($77,722.00) – Dr. Waters's deduction ($4,000.00) – Dr. Palevsky's deduction ($420.00) – Dr. Chang's deduction ($4,700.00) = $68,602.00.

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.